**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 03-23269-CIV-LENARD-TORRES

KOBARID HOLDING, S.A., *et al.*,

    Plaintiffs,

vs.

EDWARD MERRIT REIZEN,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO COMMENCE SUPPLEMENTARY
PROCEEDINGS AND TO IMPLEAD THIRD PARTIES**

This matter is before the Court upon Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties [D.E. 302], Defendant's Response thereto [D.E. 307], Proposed Impleader Defendants' Limited Joinder with Defendant's Response and Request for Oral Argument [D.E. 310], Myla Reizen's Joinder to Defendant's Response [D.E. 311], and Plaintiff's Reply in Support of its Motion [D.E. 312].[1] Upon careful consideration of the foregoing, the Court grants Plaintiff's motion in part, and hereby enters an order commencing supplementary proceedings and impleading the named third-party defendants in the manner suggested by Plaintiff. Plaintiff's request for costs and attorneys' fees is denied at the present time, as is the Proposed Impleader Defendants' request for oral argument on the pending motion.

---

[1] The Honorable Joan A. Lenard referred this matter to the undersigned Magistrate Judge on September 26, 2006. [D.E. 303].

### *I.   BACKGROUND*

Plaintiff Hawksbay Ltd. ("Hawksbay") is seeking to commence supplementary proceedings in aid of execution of its final judgment against Defendant Edward Merrit Reizen ("Reizen"), and to implead Verna P. Reizen, Brett Reizen, Myla Reizen, The Carolina Trading Company, Inc., East Coast Consultants, Inc., a dissolved Florida corporation d/b/a East Coast Financial Consultants, Inc., and Entertainment Benefits Group, Inc. (collectively, the "Impleader Defendants") in this action.  Following entry of a Final Judgment in favor of Hawksbay and against Reizen in the amount of $39,360,000.00 plus post-judgment interest ("Judgment"), *see* D.E. 255[2], Hawksbay filed writs of execution and delivered them to the United States Marshal for this district, in an effort to collect on the Judgment.  According to the affidavit filed by Hawksbay in support of its motion to commence supplementary proceedings and to implead third parties, approximately $1,400,000 was recovered pursuant to post-judgment collection efforts, but the remaining writs remain unsatisfied.  *See* Plaintiff's Motion, Ex. 1 (Affidavit of Teresa J. Urda). Hawksbay asserts the remaining writs are valid, outstanding, and in the hands of the U.S. Marshal for this district.  *Id.*

Hawksbay has been unable to recover a substantial portion of the Judgment and believes that the Impleader Defendants have received fraudulent transfers from Reizen or that they are his alter egos.  Accordingly, Hawksbay asks this Court to commence supplementary proceedings and implead the Impleader Defendants; direct them to respond to Hawksbay's motion and to be immediately examined concerning their

---

[2] On June 16, 2006, Judge Lenard entered the Final Judgment in accordance with a jury verdict in Hawksbay's favor on its claims for breach of fiduciary duty, fraud, fraudulent concealment, conversion, civil theft, and aiding and abetting breach of fiduciary duty.  *See* D.E. 255, ¶¶ 2-3.

relationship to Reizen and concerning any fraudulent transfers of personal or real property to them; and award Hawsbay its costs and attorneys' fees.

The Impleader Defendants do not object to the commencement of supplementary proceedings. *See* Defendant's Response to Plaintiff's Motion [D.E 307] at 4, ¶ 5; 8, ¶ 14; Proposed Impleader Defendants' Limited Joinder with Defendant's Response [D.E. 310]; Myla Reizen's Joinder to Defendant's Response [D.E. 311].  The issue before the Court is whether Hawksbay should be required to file an impleader complaint which sets forth each of the alleged transfers that Hawksbay seeks to recover.  The Impleader Defendants point out that Hawksbay's motion does not purport to cover *all* the sought-after alleged transfers from Reizen to the Impleader Defendants,[3] yet these individuals and entities will be required to respond or show cause why the assets should not be declared fraudulently acquired or why they are not Reizen's alter egos.  The Impleader Defendants suggest that their due process rights will be compromised because they have not had proper notice of all the claims asserted against them and, therefore, they will not be afforded a meaningful opportunity to respond to those claims.  The Impleader Defendants assert that their due process rights *would be* protected by the filing of a complaint which sets forth well-pled facts and the legally-required elements to support each claim.  Hawksbay counters that Florida law (which governs this proceeding) does not require that an impleader complaint be filed as a condition precedent to commencing supplementary proceedings.

---

[3]   Hawksbay states that "[t]he information provided in this Motion in respect of transfers made to each impleaded defendant is not exhaustive and is included herein merely to provide this Court with examples."  *See* Plaintiff's Motion at 3 n. 2.

3

## II.  ANALYSIS

Hawksbay has moved, pursuant to Fed. R. Civ. P. 69(a), to commence proceedings supplementary to and in aid of judgment.  This rule directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held."  Fla. Stat. § 56.29 sets forth the procedures for impleading third parties in supplementary proceedings.  *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n. 22 (11th Cir. 1997).  The statute was designed to ensure that creditors have "'a swift, summary disposition of issues,' while 'preserv[ing] the equitable character of both proceedings and the remedies available.'"  *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (citation omitted).

The Impleader Defendants are incorrect in asserting that Hawksbay must file and serve an impleader complaint in order to commence these supplementary proceedings.  "Under decisional law interpreting section 56.29, the two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded."  *General Trading*, 119 F.3d at 1496 n. 22 (citation omitted).  No other showing is necessary to implead the third party.  *Pinnacle Aircraft Parts, Inc. v. Luxury Air, LLC.*, Case No. 02-21062-CIV-Altonaga/Bandstra (S.D. Fla. Oct. 5, 2004) (D.E. 155 at 8-9) (citing *NTS Ft. Lauderdale Office Joint Venture v. Serchay*, 710 So. 2d 1027, 1028 (Fla. 4th DCA 1998) (compliance with the statutory requirements of § 56.29 provides a predicate for impleading third parties)).

There is no requirement that Hawksbay present evidence at this stage that would establish a *prima facie* case of fraudulent transfer or alter ego liability prior to impleading

4

the Impleader Defendants. *Pinnacle Aircraft, supra,* at 9; *Exceltech, Inc. v. Williams*, 597 So. 2d 275 (Fla. 1992) (affirming lower court ruling that a judgment creditor holding unsatisfied writs of execution on a judgment may implead third parties without first making a prima facie showing that the proposed third-party defendant holds specific assets subject to the judgment creditor's claim). Hawksbay has met the jurisdictional requirements established by Fla. Stat. § 56.29. It has shown, by way of affidavit, that the U.S. Marshal holds valid, outstanding, and unsatisfied writs of execution, and that fraudulent transfers may have occurred between Reizen and the Impleader Defendants. That is all that is required under Florida law to commence supplementary proceedings and implead the named third-parties.

Hawksbay was not required under applicable law to set forth all transactions that may become part of the evidentiary hearing in the supplementary proceedings, in part because additional information may be obtained through future discovery from the Impleader Defendants. These individuals and entities must respond based upon the best information available to the transactions referenced in Hawksbay's motion. But Hawksbay quite properly acknowledges that if additional allegedly fraudulent transfers or conveyances come to light, it will supplement its motion and allow the Impleader Defendants the opportunity to review their responses or answers to raise any additional defenses directed to new matters. This Court will obviously not conduct a final evidentiary hearing on matters about which the Impleader Defendants have not been afforded notice and an opportunity to respond.

The Court notes, parenthetically, that an order impleading third parties under Fla. Stat § 56.29 does not determine the substantive rights of any party. *Pinnacle Aircraft,*

*supra,* at 9; *NTS Ft. Lauderdale*, 710 So. 2d at 1028. It merely allows third parties to be sued. *Id.*

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that

1) Plaintiff Hawksbay Ltd.'s Motion to Commence Supplementary Proceedings and to Implead Third Parties [D.E. 302] is **GRANTED**. Verna P. Reizen, Brett Reizen, Myla Reizen, The Carolina Trading Company, Inc., East Coast Financial Consultants, Inc., and Entertainment Benefits Group, Inc., are hereby **IMPLEADED** as defendants to this cause for the purpose of post-judgment supplementary proceedings in aid of execution.

2) Hawksbay shall serve a copy of this Order upon all Impleaded Defendants by formal service of process. Each Impleaded Defendant shall, in accordance with the applicable rules, have twenty (20) days from the date of service to respond or to show cause why assets should not be declared fraudulently acquired or why it is not an alter ego of Defendant, Edward M. Reizen.

3) Upon response from Verna P. Reizen, Brett Reizen, Myla Reizen, The Carolina Trading Company, Inc., East Coast Financial Consultants, Inc., and Entertainment Benefits Group, Inc., the Court will set a hearing(s) for post-judgment supplementary proceedings.

4) The Court will **DENY without prejudice** Plaintiff's request for costs and attorneys' fees. The request may be renewed if appropriate at a later date.

5) Proposed Impleaders' Request for Oral Argument [D.E. 310] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of January, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All Counsel of Record